UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES J. DONELON,
COMMISSIONER OF
INSURANCE FOR THE
STATE OF LOUISIANA

CIVIL ACTION

NUMBER 12-151-BAJ-SCR

VERSUS

DISTRIBUTION BY DATAGEN, ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 13, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES J. DONELON,
COMMISSIONER OF
INSURANCE FOR THE
STATE OF LOUISIANA

CIVIL ACTION

NUMBER 12-151-BAJ-SCR

VERSUS

DISTRIBUTION BY DATAGEN, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand of James J. Donelon, Commissioner of Insurance for the State of Louisiana. Record document number 5. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be granted.

**Background**

Plaintiff filed a Petition, Request for Emergency Cease and Desist Order and Injunctive Relief, and Rule to Show Cause (hereafter, "Petition") in state court against 18 defendants: Distribution by Datagen, Inc., Gallagher Health Studies, Inc., Smart Services, Inc., Inspired by Coconut, Inc., Strategic Benefit Alliance, Inc., Sentinel Administrators, Inc., Green Gables Artisan's coop, Green Cross Managed Health Care System, aka, Green Cross Health, Depawix Health Resources, Insurance of American

---

[1] Record document number 8. Plaintiff filed a reply memorandum. Record document number 12.

Agency, Inc., Benesmart, Inc., Marlin Dixon, John V. Head, Grant E. Lockhart, Ann Marie Purr, Michael M. Purr, Peter John Hinch, and John Orlando Micalizio (collectively, "Datagen Group"). Plaintiff's suit alleged that the defendants violated numerous provisions of the Louisiana Insurance Code, e.g. the requirements for licensing insurance producers and insurers, and also acted as unauthorized insurers. Several paragraphs of the state court Petition convey the gravamen of the plaintiff's allegations against the defendants:

> The Datagen Group was marketing and continues to market both group and individual health insurance plans to Louisiana small businesses and individuals, both directly and through licensed insurance producers and/or persons without a valid insurance producer license issued by the LDI, under the guise of selling an employment opportunity with one of the named entities. Groups and individuals attempting to obtain health insurance coverage through these entities, in addition to any existing employment with a Louisiana business, were required to be "dually employed" by one of the Datagen Group entities. Upon becoming a part-time employee of one of the Datagen Group entities, they were eligible for health insurance coverage. The part-time job was minimal at best and required the employee to interact with a patient advocate and participate in annual health assessments. None of these entities were licensed or authorized to transact insurance in the State of Louisiana, except for John Orlando Micalizio, who holds a Louisiana producer's license, and Peter John Hinch, whose Louisiana producer's license lapsed in April 2010.[2]

Plaintiff alleged further that:

The work performed by the part-time employees is minimal, at best, and amounts to nothing more than participating in annual health assessments, establishing a health

---

[2] Record document number 1-2, Petition ¶ 16(3).

2

management plan, agreeing to work with a patient advocate when utilizing health care, and providing copies of medical bills to the patient advocate when treatment is complete. In essence, it is the "employee's" "job" to go to the doctor if he or she gets sick and to call the Datagen Group when he or she does so.[3]

Plaintiff claimed that based on these acts and the other conduct described in the Petition, the defendants engaged in unauthorized insurance activities in violation of LSA-R.S. 22:11, 12, 13 and 44 and 22:1901, et seq., insurance fraud in violation of LSA-R.S. 22:1921, et seq., unauthorized insurance activities-false advertising in violation of LSA-R.S. 22:1941, et seq., and unfair insurance trade practices in violation of LSA-R.S. 22:1961, et seq.[4] On March 1, 2012 the state court issued an order imposing various kinds of affirmative and prohibitory injunctive relief. The order also set a hearing for March 14, 2012 for the defendants to show cause why the relief included in the order should not continue in effect until the trial on the merits.[5]

One day before the state court hearing 15 of the defendants removed the case to this court.[6] Defendants alleged federal question jurisdiction under the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), based on the

---

[3] *Id.*, ¶ 16(7).

[4] *Id.*, ¶¶ 21-25.

[5] Record document number 1-2, pp. 32-43, state court Order.

[6] The three nonremoving defendants are Hinch, Sentinel Administrators and Insurance of America Agency.

3

theory of complete preemption. Defendants also stated in their Notice of Removal that the state law claims alleged by the Commissioner are defensively preempted under 29 U.S.C. § 1144(a).[7]

Plaintiff moved to remand the case arguing that there is no basis to find complete preemption and subject matter jurisdiction under ERISA. Plaintiff argued that the alleged state law claims based on violations of the state's insurance laws fail both parts of the Supreme Court's complete preemption test set forth in *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488 (2004). Plaintiff also argued that the *Davila* analysis presupposes the existence of an ERISA welfare benefit plan, and the removing defendants have not established that a qualified ERISA plan even exists. Plaintiff maintained that the defendants' removal allegations merely raise ERISA as a defense to the state law claims, which cannot serve as basis for federal question jurisdiction under ERISA.

In the alternative, the plaintiff argued that: (1) the Anti-Injunction Act, 28 U.S.C. § 2283, bars this action from proceeding in federal court; (2) the state law claims are based on state laws enacted for the purpose of regulating the business of insurance, therefore any federal law claims on which removal is based are reverse preempted by the McCarran-Ferguson Act, 15 U.S.C. § 1101, et seq.; (3) even if the court has subject matter jurisdiction, it

---

[7] Record document number 1, Notice of Removal, ¶¶ 6-11.

should abstain from exercising it under the abstention principles of *Burford*[8] and/or *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971); and, (4) under LSA-R.S. 22:1904, Louisiana law gives the state courts exclusive venue and jurisdiction for actions involving the unauthorized business of insurance.

## Applicable Law

A district court has removal jurisdiction in any case where it has original jurisdiction, and the court has original federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1441(a) and 1331. A defendant seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Ordinarily, determining whether a case arises under federal law is governed by the well-pleaded complaint rule - a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Id.; Davila,* 542 U.S. at 207-08, 124 S.Ct. at 2494-95. However, an exception to the well-pleaded complaint rule

---

[8] *Burford v. Sun Oil,* 319 U.S. 315, 67 S.Ct. 1098 (1943).

5

exists when a federal statute totally displaces state law causes of action through complete preemption. When a federal statute completely preempts state law, any claim which comes within the scope of that statute, even if plead in terms of state law, is in reality based on federal law and can be removed. ERISA is one of those federal statutes. *Id.*

Under 29 U.S.C. § 1132(a)(1)(B) a civil action may be brought by a participant, beneficiary, or fiduciary to recover benefits due under the terms of a plan, enforce or clarify rights to future benefits under the terms of the plan, or enforce the terms of the plan. It states in relevant part as follows:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C.A. § 1132

Complete preemption exists when a claim or remedy falls within the scope of, or is in direct conflict with, § 1132(a). This section, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of the fact that it is artfully plead as a state action. *McGowin v. Manpower Intern., Inc.,* 363 F.3d 556, 559 (5th Cir. 2004). Therefore, any state law cause of action that duplicates, supplements or supplants the civil enforcement remedies of § 1132(a) conflicts with Congress's intent to make the ERISA remedy exclusive, and is preempted. *Davila,* 542 U.S. at 209, 124 S.Ct. At 2495. In other words, if an individual at some point in time could have brought his claim under ERISA, and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted and provides a basis for federal jurisdiction. *Id.*; *Davila*, *supra*; *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). To determine whether the state law causes of action alleged fall within the scope of ERISA, the court examines the plaintiff's allegations, the statutes on which the state law causes of action are based, and the plan documents. *Davila*, 542 U.S. at 211, 124 S.Ct. at 2496.

ERISA's civil enforcement provision limits who may be the proper plaintiffs in a suit for equitable relief, stating that a

civil action for equitable relief may be brought only by a participant, beneficiary, or fiduciary of an ERISA plan. *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348, 354 (5th Cir. 2003). Thus, standing under § 1132(a) is conferred only on enumerated persons, namely, participants, beneficiaries and fiduciaries.[9] A participant is an employee or former employee of an employer who is or may become eligible to receive a benefit from an employee benefit plan. A beneficiary is a person designated by a participant or the terms of the plan who is or may become entitled to a benefit under the plan. *Tango Transport,* 322 F.3d at 890. If removal is based on the assertion that the plaintiff's claims are completely preempted and fall within ERISA's civil enforcement provision, then the defendant also has the burden of establishing the existence of an ERISA plan.[10] *Shearer v. Southwest Service Life Insurance Company*, 516 F.3d 276, 278-79 (5th Cir. 2008); *Metoyer v. American Intern. Life Assur. Co. of NY*, 296 F.Supp.2d 745, 747 (S.D.Tex. 2003); *Graham v. Metropolitan Life Insurance Company*, 349 Fed.Appx. 957, 959-60 (5th Cir. 2009).

In the Fifth Circuit, courts use a three-prong test to determine whether an employee benefit arrangement meets the

---

[9] Certain non-enumerated parties may establish that they have derivative standing. *Tango Transport v. Healthcare Financial Services*, 322 F.3d 888, 891 (5th Cir. 2003).

[10] 29 U.S.C. §§ 1002(1) and (3).

definition of an ERISA plan. To be an ERISA plan the arrangement must be: (1) a plan; (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor; and, (3) established or maintained by the employer with the intent to benefit the employees. *Id.*

## Analysis

It is apparent from the Petition that the plaintiff only alleged claims based on violations of state law. Thus, the resolution of this motion depends on whether the defendants have satisfied their burden of establishing federal question jurisdiction via the exception of complete preemption under ERISA. The record demonstrates that the defendants have failed to do so. Specifically, they have not presented any facts establishing the plaintiff's ERISA standing, the existence of an ERISA plan, or that any state law claim alleged by the plaintiff is one which could be brought under ERISA.[11]

---

[11] In their Response to Plaintiff's Motion to Remand the defendants consistently referred to 29 U.S.C. § 1144(a). This section of ERISA states that ERISA supersedes "any and all State laws insofar as they may not or hereafter relate to any employee benefit plan...." Record document number 8-1, pp. 4, 6, 18-19. This section is ERISA's defensive preemption provision and does not establish federal question jurisdiction over state law causes of action that fall within its scope. *Giles,* 172 F.3d at 336-37. Generally, the fact that a federal law provides a defense to a state law claim is insufficient to establish federal question jurisdiction. *Davila*, *supra.* Complete preemption under § 1132(a) is required for removal jurisdiction; conflict preemption under § 1144(a) is not also required. *Arana v. Oschsner Health Plan*, 338
(continued...)

Plaintiff argued that the allegations in the Petition and supporting documents, show that there was no real employment relationship between the Datagen Group and any individuals who entered into its contracts.[12] Instead, plaintiff argued, the documents demonstrate that the alleged contracts of employment were a sham to cover up the defendants' direct sale of insurance to individuals and businesses by unauthorized and fraudulent actions in violation of Louisiana insurance laws.

Defendants argued that the insurance plans under which any Datagen Group employee sought to recover benefits were intended as an employee benefit, were only available to employees, and without the employment relationship a "potential plaintiff" was not eligible for enrollment in the plan.[13] Defendants maintained that the Datagen-sponsored insurance plan qualifies as an employee welfare benefit plan under ERISA. Defendants pointed out that the costs of the plan were covered, in part, by the employer and the employees received a group plan number and a summary of benefits which identified Datagen as the plan sponsor. Therefore, defendants argued, the court should find that the Datagen plan is

---

[11](...continued)
F.3d 433, 440 (5th Cir. 2003).

[12] Record document number 1-2, ¶ 16.5-16.22; record document numbers 12-1 and 12-2 (affidavit of Madonna R. Jones and attached documents).

[13] Record document number 8-1, p. 17.

an ERISA plan.

Defendants' arguments on the existence of an ERISA plan are conclusory and unsupported.[14]  Nevertheless, it is unnecessary to to decide whether there is an ERISA plan to determine whether this court has subject matter jurisdiction under ERISA.  Defendants have totally failed to argue or demonstrate that this suit could have been brought by the plaintiff under ERISA.

Even if the court would determine that the Datagen plan is an ERISA plan, the defendants have not shown that the plaintiff is a participant, beneficiary or fiduciary with standing to bring a claim under § 1132(a).  Nor have the defendants pointed to any allegations or provided any facts to show that the causes of action alleged by the plaintiff seek directly or derivatively to recover benefits or enforce rights under ERISA.  All of the causes of action alleged are for violations of state law based on unauthorized, unfair and fraudulent insurance activities, and seek recovery from the defendants in the form of injunctive relief, damages, fines, penalties, costs, fees, and restitution to victims of their unlawful activities.  Defendants' reference to a "potential plaintiff" and the statement that "Datagen's employees

---

[14] Defendants cited to record document number 1-2, Exibits A-K, in support of their arguments.  This is a reference to the records from the state court attached to the Notice of Removal.  However, the exhibits were not filed with the Notice of Removal.  Record document number 1-2 only contains a copy of the Petition and the March 1, 2012, Order.

11

undoubtedly seek to receive benefits under this ERISA plan"[15] are insufficient to support ERISA preemption. Defendants have failed to satisfy their burden of demonstrating that the plaintiff is an individual with standing under ERISA seeking the type of relief provided by § 1132(a), or that any of the causes of action alleged by him duplicate, supplement or supplant its civil enforcement remedies.

Defendants made arguments related to the plaintiff's reliance on the remand order in a case removed to the federal court in the Northern District of Florida.[16] Defendants argued that the remand order in the Florida case is not persuasive, and this court should look to the order of the Mississippi federal court denying remand in *Cody v. Pan-American Life Insurance Company*.[17] Review of the *Cody* order, however, does not help the defendants in this case.[18] The plaintiff in *Cody* was clearly claiming to be an employee participant seeking recovery of benefits under an alleged ERISA plan. In the remand order the district judge stated he was

---

[15] Record document number 8-1, pp. 17, 19.

[16] Record document number 5-3, *State of Florida v. Depawix Health Resources,* Civil Action Number 11-257, Order Remanding Case to State Court.

[17] Record document number 8-1, p. 12, n. 10, Civil Action Number 05-379, record document number 28 (Order Denying Motion to Remand).

[18] Defendants cited the *Cody* order but did not attach a copy. The court reviewed a copy of the order from the Mississippi federal court case record.

12

persuaded that the plaintiff's state law claims were "potentially preempted by ERISA." Therefore, he determined that the case should proceed as an ERISA action, unless and until discovery demonstrated otherwise. Ultimately the Mississippi court dismissed the case without prejudice based on a finding that the plaintiff failed to exhaust administrative remedies. Plaintiff's claims here are readily distinguishable from the claims alleged by the plaintiff in *Cody*. Plaintiff here is not seeking recovery of benefits/ enforcement of rights under ERISA or an ERISA plan, and the plaintiff does not even arguably have standing to bring an ERISA claim.

**Conclusion**

No federal question appears on the face of the Petition removed by the defendants. In response to the plaintiff's motion, the defendants failed to demonstrate that removal was proper because federal question jurisdiction exists based on complete preemption under the civil enforcement provision of ERISA § 1132(a).[19]

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand of James J. Donelon, Commissioner of Insurance for

---

[19] Because federal question jurisdiction under ERISA is lacking, it is unnecessary to address the alternative preemption and abstention arguments raised by the Commissioner.

the State of Louisiana be granted.

Baton Rouge, Louisiana, June 13, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE